UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DREYER'S GRAND ICE CREAM, INC.,

    Plaintiff,

v.

ICE CREAM DISTRIBUTORS OF EVANSVILLE, LLC, *et al.*,

    Defendants.
_____/

No. C-10-0317 EMC

**ORDER PROVISIONALLY GRANTING PLAINTIFF'S AND DEFENDANTS' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

**(Docket Nos. 66, 77, 78)**

    Pending before the Court are Plaintiff Dreyer's Grand Ice Cream, Inc.'s Motion to Seal portions of its Motion for Summary Judgment, the supporting Declaration of Shane Weitzel (including exhibits thereto), and Exhibits C-D to the supporting Declaration of Robert D. Tadlock. (Docket No. 66.). Also pending before the Court are Defendants' Motions to Seal (1) portions of its Opposition to Plaintiff's Motion for Summary Judgment, and (2) portions of its Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (Docket Nos. 77, 78.). No opposition to the pending motions to seal have been filed.

    The Court finds Plaintiff's motion, and the declaration accompanying it, to be deficient. Civil Local Rule 79-5 requires a movant to establish that the material to be placed under seal is "privileged or protectable as a trade secret or otherwise entitled to protection under the law" and that the request be "narrowly tailored." The Stipulated Protective Order also requires "restraint and care in designating material for protection" and prohibits "indiscriminate" designations. Protective Order at 4 (Docket No. 50).

Dreyer's motion does not appear to comply with Civil Local Rule 79-5. It is not obvious why all the information sought to be sealed qualifies under Rule 79-5. The motion is provisionally granted nonetheless, such that the specified documents may be placed under seal. However, Dreyer's is directed to publicly file the documents with narrowly tailored redactions compliant with Rule 79-5 within seven days of this Order.

Defendants' Motions and supporting declarations are adequate, as they seek to seal only portions of their opposition and reply briefs that "reference[] information designated 'confidential' by Plaintiff." The onus is therefore on Dreyer's, as the designating party, to establish that the designated information is sealable within seven days, pursuant to Rule 79-5(d). The Court accordingly provisionally grants Defendants' motions as well. As the same information may be the subject of multiple requests, Plaintiff's counsel may address all documents it claims to be confidential and subject to the Protective Order in a single filing. (*See* Docket Nos. 66, 73, 77, 78.).

Counsel shall ensure that the documents are electronically filed under seal pursuant to General Order 62. Counsel may obtain more information about electronically filing documents under seal via the Court's website (http://www.cand.uscourts.gov) or the Court's ECF website (https://ecf.cand.uscourts.gov/cand/index.html).

This order disposes of Docket Nos. 66, 77, and 78.

IT IS SO ORDERED.

Dated: March 3, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge