UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DREYER'S GRAND ICE CREAM, INC.,

        Plaintiff,

    v.

ICE CREAM DISTRIBUTORS OF EVANSVILLE, LLC, *et al.*,

        Defendants.

_____/

No. C-10-00317 EMC

**ORDER RE FURTHER SUPPLEMENTAL BRIEFING**

The parties have filed supplemental briefing on prejudgment interest, as ordered by the Court. *See* Docket No. 108 (civil minutes). As reflected in their briefing, both parties agree that the governing statute on prejudgment interest is California Civil Code § 3287. The parties further agree that, under the statute, Plaintiff is entitled to an award of prejudgment interest. The parties disagree, however, as to how much interest should be awarded. More specifically, they disagree as to (1) the date on which interest should start to accrue and (2) whether simple interest or compounded interest is proper.

Having reviewed the parties' briefing, the Court hereby orders that further briefing and/or evidence is needed.

With respect to the first issue, California Civil Code § 3287(a) provides that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day." Cal. Civ. Code § 3287(a). In examining whether damages are certain, a

court must consider "did the defendant actually know the amount owed or from reasonably available information could the defendant have computed that amount." *See Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal. App. 3d 901, 907 (1983) (emphasis omitted).  If a defendant has in its possession complete records from which it could calculate its indebtedness, then damages are deemed certain.  *See id.*  Likewise, if the plaintiff supplies data to the defendant so that it could calculate its indebtedness, then damages are also deemed certain. *See Marine Terminals Corp. v. Paceco*, 145 Cal. App. 3d 991,995-96 (1983) (noting that, by submitting invoices to defendant, plaintiff made its damages known to defendant and rendered them certain); *Conderback, Inc. v. Standard Oil Co.*, 239 Cal. App. 2d 664, 690 (1966) (noting that, where the data necessary to determine the amount due are supplied to debtor by invoice or statement, he will be charged with interest for failure to pay); *see also Polster, Inc. v. Swing*, 164 Cal. App. 3d 427, 435 (1985) (stating that, if defendant does not know or cannot readily compute damages, then plaintiff must supply defendant with a statement and supporting data so that defendant can ascertain damages).

In the instant case, Plaintiff did provide Defendants with invoices.  However, the total amount owed was not simply the sum of the invoices.  As reflected in the summary judgment briefing, Plaintiff granted some credits to Defendants.  The question is *when* Plaintiff provided Defendants with information fixing the final amount of the debt, *i.e.*, the $233,081.21.

Unfortunately, neither party has provided evidence on this point.  Plaintiff simply contends that interest should start to accrue as of April 18, 2006, "because that is the date by which [Defendants'] debt became fixed and final."  Pl.'s Br. at 1.  However, the issue is not when Defendants' debt became fixed and final.  Rather, the issue is when did Defendants *know* that their debt was fixed and final (*i.e.*, no more credits).

As for Defendants' contention that interest should begin to accrue only as of January 22, 2010, the date that the lawsuit was filed, the Court rejects Defendants' suggestion that interest can begin to accrue only when a formal demand is made.  The case cited by Defendants, *People v. Southern Pacific Co.*, 139 Cal. App. 3d 627 (1983), does not support that proposition.  Rather, the case is consistent with *Chesapeake* and the other authority cited above.  *See id.* at 641 (noting that, in a prior case, "a contractor was awarded prejudgment interest 'not from the date upon which

construction was completed, but from the date upon which respondent provided the owners with the required accounting and supporting data'").

Accordingly, the Court orders the parties to provide supplemental briefing *and* evidence as to when Defendants had complete information in its possession that the debt amount of $233,021.21 was fixed and final (and not subject to further adjustment). This would include evidence as to when Plaintiff denied the request for credits that Defendants made in February 2006.

As for the second issue, the parties should provide the Court with any additional authority on whether simple interest or compounded interest is proper.

Plaintiff shall file its supplemental papers by May 27, 2011; Defendants shall file responsive papers by June 1, 2011.

IT IS SO ORDERED.

Dated: May 20, 2011

_____
EDWARD M. CHEN
United States District Judge

3